IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

    Plaintiff,

v.                                                                                                                     Civ. No. 24-173 GBW

CALE ROBERTSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), *doc. 1*, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), *doc. 2*.

**Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id*. at 339.

The Court grants Plaintiff's Application.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $700.00; (ii) Plaintiff's monthly expenses total $400.00; and (iii) Plaintiff has $0.00 in cash and no funds in a bank account.  *See generally doc. 2*.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because of her low monthly income.

**The Complaint**

This case arises from a divorce proceeding in state court.  Plaintiff alleges that Defendant violated her civil rights by depriving Plaintiff of custody of her children, access to her business, access to her bank accounts, and a house and a vehicle.  Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  Where the Complaint form prompts plaintiffs to indicate whether a defendant was acting under color of state law, Plaintiff marked the "Yes" box.  *Doc. 1* at 1.  "[C]onclusory allegations [such as 'defendant was acting under color of state law'] without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  There are no factual allegations in the Complaint showing that Defendant was acting under color of state law.

Defendant Cale Robertson is the only person named as a defendant in this case. *See doc. 1* at 1.  It is not clear whether Plaintiff is asserting claims against other persons. For example, Plaintiff states that judges violated her human rights and that other persons were involved in the state court proceedings, but she does not name the other persons as defendants.  *See id*. at 5-6, 12-13.

If Plaintiff is asserting claims against other persons, the Complaint fails to state a claim against those persons due to the vagueness of the allegations.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown*

*B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint does not describe with particularity what each of the other persons did to Plaintiff and when they did it, or what specific legal right Plaintiff believes each of the other persons violated.

**Leave to Amend**

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend") (internal citations omitted).

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

4

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the

5

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, *Doc. 2*, is **GRANTED.**

(ii)     Plaintiff shall, **within 21 days of entry of this Order**, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE