IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

       Plaintiff,

v.                                                                    No. 2:24-cv-00173-DHU-GBW

CALE ROBERTSON,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from a divorce proceeding in state court.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 21, 2024 ("Complaint").  Plaintiff asserts Defendant violated her civil rights apparently by depriving Plaintiff of custody of her children, access to her business, access to her bank accounts, and a house and a vehicle.  Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  Where the Complaint form prompts plaintiffs to indicate whether a defendant was acting under color of state law, Plaintiff marked the "Yes" box. Complaint at 1.  "[C]onclusory allegations [such as 'defendant was acting under color of state law'] without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  There are no factual allegations in the Complaint showing that Defendant was acting under color of state law.
>
> Defendant Cale Robertson is the only person named as a defendant in this case. *See* Complaint at 1.  It is not clear whether Plaintiff is asserting claims against other persons.  For example, Plaintiff states that judges violated her human rights and that other persons were involved in the state court proceedings, but does not name the other persons as defendants.  *See* Complaint at 5-6, 12-13.

> If Plaintiff is asserting claims against other persons, the Complaint fails to state a claim against those persons due to the vagueness of the allegations.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint does not describe with particularity what each of the other persons did to Plaintiff, when they did it and what specific legal right Plaintiff believes each of the other persons violated.

Order for Amended Complaint at 3-4, Doc. 5, filed February 23, 2024.  Judge Wormuth ordered Plaintiff to file an amended complaint.  *See* Order for Amended Complaint at 7.

The Amended Complaint fails to state claims upon which relief can be granted.  *See* Amended Complaint, Doc. 6, filed March 4, 2024.  The Amended Complaint names 19 additional Defendants.  *See* Amended Complaint at 1-3.  The Amended Complaint does not, however, explain what each Defendant did to Plaintiff, when each Defendant did it or what specific legal right Plaintiff believes each Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Conclusory allegations such as Defendants "violated" constitutional rights or other laws, without supporting factual allegations, are not sufficient to state a claim.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Plaintiff supplemented her Amended Complaint with a binder containing over 300 pages of pictures and documents.  The Court will not review supplemental documents to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*,

6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). While the Court may consider documents supplementing a complaint or amended complaint at a later stage in a case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, any information in the supplemental documents that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.

The Court dismisses this case without prejudice because the Amended Complaint fails to state a claim upon which relief can be granted.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE